STATE *vs.* ALBERT F. DE CESARE.

APRIL 29, 1940.

PRESENT: Flynn, C. J.; Moss, Capotosto, Baker and Condon, JJ.

PER CURIAM. After the opinion in this case was filed, the defendant, by leave of court, was permitted to file his motion

for reargument. He alleges, in substance, that certain vagueness and gaps appearing in the affidavits of newly discovered evidence, as referred to in our opinion, would be cleared up by reference to the transcript; that the law relating to the requirements for newly discovered evidence is different in criminal cases from that in civil cases; and that the state was bound to produce, as witnesses, without any request by defendant or order by the court, all the persons who visited the police station to look at him for purposes of possible identification.

Apparently the transcript would clear up some but not all the vagueness in the affidavits before us. But even with such assistance, the alleged newly discovered evidence does not complete certain necessary connections, if such evidence is to comply with the requirements of the law.

No authority in this state is cited to support the second and third contentions; and we know of no principle which requires such an extreme position in order to assure the defendant of all of his constitutional rights, particularly where, as here, the identification was based on positive testimony of eyewitnesses and not merely on circumstantial evidence. So far as the instant case is concerned, the counter-affidavit shows that the defendant could have obtained the names and addresses of these affiants if he or his attorney had applied to the police. No such application was made, so that, in any event, the defendant has not shown that the newly discovered evidence was not available by the exercise of ordinary diligence.

Upon re-examination of the affidavits and this motion, we are of the opinion that no sufficient cause has been shown for a reargument.

*Louis V. Jackvony,* Attorney General, *James O. Watts,* Assistant Attorney General, for State.

*Peter W. McKiernan,* for defendant.